UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[10] MIKHAIL KEMEL,<br>Defendant. | CRIM. NO. 12-922 (PG)<br><br>Received Filed<br>Oct-21, 2013 11:10 AM |

PLEA & FORFEITURE AGREEMENT

(Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B))

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, Maria A. Dominguez, First Assistant United States Attorney, and Charles R. Walsh, Senior Litigation Counsel for said District and the defendant, [10] MIKHAIL KEMEL, and the defendant's counselor, Victor Sherman, Esq., pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1.   COUNTS TO WHICH DEFENDANT PLEADS GUILTY

The defendant will plead guilty to Nine of the Indictment, which charges, in substance, as follows:

**Conspiracy**
**Mail and Wire Fraud**
**18 U.S.C. §1349**

Beginning on or about July 2007 and continuing through about January 2011, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, [10] MIKHAIL KEMEL, combined, conspired, confederated, and agreed with others to use private and commercial interstate carriers for the purpose of executing a scheme and artifice to defraud, and for obtaining money by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1341; and to use interstate wires in furtherance

U.S. v. [10] MIKHAIL KEMEL  
12-922 (PG)                                                                                   PLEA AGREEMENT 2

of a scheme to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

### 2. MAXIMUM PENALTIES

The maximum statutory penalty for Count Nine is a term of imprisonment of twenty (20) years, a term of supervised release of not more than three (3) years, and a fine not to exceed $250,000.

### 3. SPECIAL MONETARY ASSESSMENT

At the time of the signing of this plea agreement the defendant will pay a special assessment of one hundred dollars ($100.00) per count, as required by Title 18, United States Code, Section 3013(a).

### 4. ADVISORY NATURE OF THE SENTENCING GUIDELINES AND ITS APPLICABILITY

The defendant is aware that pursuant to the decisions issued on January 12, 2005, by the Supreme Court of the United States in the cases of United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005), the United States Sentencing Guidelines ("Sentencing Guidelines") are no longer mandatory and must be considered effectively advisory.

### 5. FINES AND/OR RESTITUTION

The parties make no stipulations or agreements as to the matter of fines and/or restitution and defendant recognizes that the Court may order defendant to pay a fine and/or restitution. At sentencing, the parties will recommend to the Court that the forfeiture agreed to in this agreement be imposed in lieu of any fine.

### 6. SENTENCING GUIDELINES CALCULATIONS

Although the Sentencing Guidelines are now advisory in nature, the sentencing court, in imposing sentence, is required to consider the guideline "sentencing range established for the applicable category of the offense committed by the defendant". United States v. Booker, 543 U.S. 220 (2005). The United States and Defendant agree to recommend the following guideline calculation:

U.S. v. [10] MIKHAIL KEMEL                                               PLEA AGREEMENT 3
12-922 (PG)

| COUNT 9<br>18 U.S.C. 1349<br>USSG §2B1.1 | |
|---|---|
| Base Offense Level, §2B1.1(a)(1) | 7 |
| Amount of Loss (More than $7,000,000 but less than $20,000,000) | +20 |
| Role in Offense, Minor Participant, §3B1.2(b) | -2 |
| Acceptance of Responsibility, §3E1.1(b) | -3 |
| Stipulated Total Offense Level | 22 |
| Imprisonment Range, Assuming Criminal History Category I | 41-51 Months (Zone D) |

**7.   CRIMINAL HISTORY CATEGORY**

The parties do not stipulate the defendant's Criminal History Category. Therefore, the parties recognize that the recommended applicable imprisonment range may be materially higher than that expressed above.

**8.   SENTENCE RECOMMENDATION**

At sentencing the parties will recommend a sentence at the lower end of the Stipulated Total Offense Level. The defendant agrees that any sentence imposed within the stipulated total offense level is reasonable pursuant to Title 18, United States Code §3553(a). At sentencing, the United States will dismiss any remaining counts.

**9.   ADJUSTMENTS OR DEPARTURES**

Except for provided above, the United States and the defendant agree that no further adjustments or departures shall be requested by the parties and that this agreement considers all relevant factors set forth in Title 18, United States Code, Section 3553.

**10.   RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement. Moreover, the United States reserves the right to carry out its responsibilities under the sentencing guidelines. Specifically, the United States reserves



U.S. v. [10] MIKHAIL KEMEL                                                                                PLEA AGREEMENT 4
12-922 (PG)

the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office. The defendant acknowledges that he is aware that parole has been abolished.

### 11. JURISDICTIONAL LIMITS OF PLEA AGREEMENT

It is specifically understood by the defendant, that except for the District of Puerto Rico, this plea agreement does not extend to or bind other federal districts, federal civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

### 12. SATISFACTION WITH ATTORNEY

The defendant represents to the Court that defendant is satisfied with defendant's attorney, Victor Sherman, Esq., and hereby indicates that counsel has rendered effective legal assistance.

### 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not

U.S. v. [10] MIKHAIL KEMEL                                                                                      PLEA AGREEMENT 5
12-922 (PG)

the evidence established the defendant's guilt beyond a reasonable doubt.

     d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

     e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on defendant's own behalf.

**14.    STIPULATED VERSION OF FACTS**

The accompanying Stipulated Version of Facts signed by the defendant is hereby incorporated into this plea agreement. Defendant adopts the Stipulated Version of Facts and agrees that the facts therein are accurate in every respect and that, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt. Further, the defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

**15.    FORFEITURE AGREEMENT**

In connection with the forfeiture allegations contained in the Indictment, Defendant agrees as follows:

a) To surrender and forfeit to the United States and to relinquish all rights, title and interest defendant may have in the sum of $550,000 in satisfaction of the money judgment to be issued at sentencing. This sum of money represents property derived from and traceable to the offense pursuant to Title 18, United States Code, Section 981(A)(1)(A) and (C); and Title 28, United States Code, Section 2461 (c);

b) In agreeing to the forfeiture of the amount, defendant acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty.

c) Defendant understands that upon the signature of this Plea and Forfeiture Agreement all rights and interests in the money described subparagraph (a) above shall be vested in the United States and defendant will have waived any judicial or administrative claims that

U.S. v. [10] MIKHAIL KEMEL  
12-922 (PG)  

PLEA AGREEMENT 6

defendant may have regarding the forfeiture of said money, including any claim of double jeopardy. The defendant agrees to sign any additional documents that defendant may be required to sign in order to complete the forfeiture proceedings regarding the forfeiture of the above-described money before sentencing.

d) The defendant waives his/her right to notice and waives his/her right to file a claim in any administrative or civil judicial forfeiture action.

### 16. WAIVER OF APPEAL

The defendant hereby agrees that if this Honorable Court accepts this plea agreement and sentences him/her according to its terms, conditions, and recommendations, the defendant waives and surrenders his right to appeal the judgment, sentence and order of forfeiture in this case.

### 17. ENTIRETY OF PLEA AGREEMENTS AND AMENDMENTS

The United States and the defendant acknowledge that the above-stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms and conditions not stated herein. No additional promises, terms or conditions will be entered unless in writing and signed by all parties.

### 18. VOLUNTARINESS OF PLEA

It is understood that defendant is entering into this plea agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

RESPECTFULLY SUBMITTED  
ROSA EMILIA RODRÍGUEZ-VELEZ

_____  
Maria A. Domínguez  
First Assistant United States Attorney  
Dated:

_____  
Charles R. Walsh  
Senior Litigation Counsel  
Dated: 10/17/13

_____  
MIKHAIL KEMEL  
Defendant  
Dated:

_____  
Victor Sherman, Esq.  
Attorney for Defendant  
Dated:

U.S. v. MIKHAIL KEMEL                                      UNDERSTANDING OF RIGHTS 7
12-922 (PG)

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provision of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I fully understand this agreement and I voluntarily agree to it.

Date: 10/21/2013

[10] MIKHAIL KEMEL
Defendant

I am the attorney for **MIKHAIL KEMEL**. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have also explained to the defendant the advisory nature of the Sentencing Guidelines. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement is voluntarily, intelligently and with full knowledge of all the consequences of her plea of guilty.

Date: 10/21/13

Victor Sherman, Esq.

U.S. v. MIKHAIL KEMEL                                              STIPULATED VERSION OF FACTS 8
12-922 (PG)

## STIPULATED VERSION OF FACTS

In conjunction with the submission of the accompanying plea agreement in this case, the United States of America submits the following statement setting forth the stipulated facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of 18 U.S.C. §§1349, 1343 and 1341.

Drogueria De La Villa (DDLV), FMC Distributors (FMC), LLC Wholesale (LLC), and Drogueria Villa, were in the business of purchasing and reselling diverted pharmaceuticals to various chain and independent pharmacies located throughout the Continental United States. Diverted pharmaceuticals are drugs that are removed outside of the regulated distribution channels but then reintroduced into the wholesale marketplace through various means, including the falsification of accompanying pedigrees and concealment of the true source of the pharmaceuticals. As a result, neither the pharmacist nor the consumers know that the diverted pharmaceuticals are handled, packaged, stored, and labeled by parties not authorized or qualified to do so.

From on or about July 2007 through on or about January 2011, [10] MIKHAIL KEMEL assisted with the operation of various companies that sold diverted pharmaceuticals, including California Pharmaceutical Specialist (CPS), Infinite Health Wholesale (Infinite), and Global Health Advocates (Global). CPS had a license in California for a period of time that was then changed to New Hampshire, Infinite was licensed in New Hampshire, and Global was licensed in Pennsylvania. Notwithstanding their licenses in various states, all these entities operated out of California. Pedigrees from these companies falsely stated that CPS, Infinite, and Global purchased all their pharmaceuticals from McKesson, when in fact, the pharmaceuticals came from various unlicensed sources.

In furtherance of the conspiracy and to accomplish its objects and purpose, sometime in the beginning of 2007, defendant sold diverted pharmaceuticals to a company called RTL, a company also in the business of selling diverted pharmaceuticals. Defendant would meet the owner and representatives of RTL in various locations such as parking lots and provide RTL with the pharmaceuticals without the required pedigrees. In turn, RTL would ship and sell the pharmaceuticals to DDLV in Puerto Rico for subsequent sale to chain and independent pharmacies throughout the United States. RTL would pay for the pharmaceuticals in cash and wire transfers into the accounts controlled by defendant. In addition, defendant through his companies, sold and shipped through interstate carriers pharmaceuticals directly to DDLV in Puerto Rico and would receive payment in checks and wire transfers from Puerto Rico and elsewhere.

For the purposes of sentencing, the parties agree that defendant had a minor role in the operation of the companies and that he be held responsible for approximately $7,000,0000 to $20,000,000 in diverted pharmaceuticals.



U.S. v. MIKHAIL KEMEL
12-922 (PG)

STIPULATED VERSION OF FACTS 9

Should the case have proceeded to trial, the government would have proved the foregoing beyond a reasonable doubt through physical evidence, documents, financial records, pedigrees, and testimony from witnesses, including members of law enforcement.

Full discovery has been provided.

_____
**Charles R. Walsh**
Assistant United States Attorney
Dated: 10/8/13

_____
**[10] MIKHAIL KEMEL**
Defendant
Dated:

_____
**Victor Sherman, Esq.**
Attorney for Defendant
Dated: